**Vareriy VEKSLER, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72010.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.[*]

Filed Feb. 26, 2007.

Vareriy Veksler, Glendale, CA, pro se.

District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, William C. Peachey, U.S. Department of Justice, Washington, DC, for Respondent.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

### MEMORANDUM **

Vareriy Veksler is a native and citizen of Russia who petitions for review of an order of the Board of Immigration Appeals ("BIA"), denying his application for asylum. This court previously affirmed the BIA's decision that Veksler failed to establish past persecution, and remanded for a determination of whether he had established a well-founded fear of future persecution. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004), and we deny the petition for review.

Substantial evidence supports the BIA's determination that Veksler failed to establish a well-founded fear of future persecution on account of his Jewish heritage. In order to establish a well-founded fear, a petitioner cannot simply show that there exists a generalized possibility of persecution; he must show that he is at particular risk. *Compare Mgoian v. INS*, 184 F.3d 1029, 1035 (9th Cir.1999) (holding that well-founded fear was established where all of petitioner's similarly situated family members were persecuted) *with Singh v. INS*, 134 F.3d 962, 970 (9th Cir.1998) (holding that no well-founded fear was established where the attacks on family members failed to show a pattern of persecution tied to the petitioners). The deaths of Veksler's father and friend under unknown circumstances do not demonstrate a pattern of persecution closely tied to Veksler. The evidence does not compel a finding Veksler has shown himself to be at particular risk for future persecution. *See Mgoian*, 184 F.3d at 1037.

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

